UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CADESHA BISHOP,

            Plaintiff,

vs.

THE LAS VEGAS REVIEW JOURNAL, *et al.*,

            Defendants.

Case No.: 2:24-cv-01653-GMN-EJY

**ORDER ADOPTING R&R AND DENYING MOTION TO AMEND**

      Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Elayna J. Youchah, recommending that the Court deny Plaintiff Cadesha Bishop's Motion to Amend and dismiss her claims. (R&R, ECF Nos. 11–12).[1] Plaintiff filed an Objection, (ECF No. 13).

      For the reasons discussed below, the Court ACCEPTS AND ADOPTS IN FULL Magistrate Judge Youchah's R&R. Further, the Court DENIES Plaintiff's Motion to Amend, DENIES Plaintiff's Objection, and DISMISSES her claims.

**I.   BACKGROUND**

      This action arises out of an event in which Plaintiff made local and national headlines for pushing a 74-year-old individual off a bus, resulting in their death. (*See generally* Compl., ECF No. 1-1). Plaintiff claims that, based on the news reports covering the incident, the news agency Defendants denied her equal protection and the right to an impartial jury, alleges unenumerated Fourth, Fifth, and Sixth Amendment violations, and brings state law claims for defamation and intentional infliction of emotional distress. (*Id.*).

---

[1] The Order and R&R was filed at ECF No. 11 but later amended by ECF No. 12.

Magistrate Judge Youchah entered a R&R recommending that the Court deny Plaintiff's Motion to Amend, dismiss her federal claims with prejudice, and dismiss her state law claims without prejudice so that, if she chooses, she can proceed in state court. (R&R, ECF Nos. 11–12). Plaintiff objected. (Obj., ECF No. 13).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made under Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

## III. DISCUSSION

Plaintiff asserts six claims against Defendants: (1) violation of her Fourth Amendment right, (2) violation of her Fifth Amendment right, (3) violation of her Sixth Amendment right, (4) violation of her Fourteenth Amendment right, (5) defamation, and (6) intentional infliction of emotional distress. (*See generally* Compl., ECF No. 1-1). The Court begins by addressing Plaintiff's objection to the dismissal of her federal claims.

### A. Federal Claims

Plaintiff moves to amend the Complaint to add five new defendants. (*See generally* First Am. Compl., Ex. A to Mot. Amend, ECF No. 8-1). The defendants listed in Plaintiff's initial Complaint, as well as in her proposed amended complaint, are private sector news outlets and reporters. Magistrate Judge Youchah found that the Plaintiff's claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments should be dismissed with prejudice because, among other reasons, Plaintiff has not and cannot demonstrate that any defendant listed was acting under color of state law. (R&R 2:20–4:7). Plaintiff's objection rests on her assertion that Section

1983 allows "every person" to be held liable for her injuries, not just state actors. (Obj., ECF No. 13).

Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its pleading with the court's leave "when justice so requires." Fed. R. Civ. P. 15(a)(2).  There are four reasons why a Court may refuse to grant leave to amend: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004).

Plaintiff's federal claims are brought under Section 1983. (Compl. at 1).  To state a claim under Section 1983, a plaintiff must allege: (1) that the defendant was acting under color of state law; and (2) that the defendant's conduct deprived plaintiff of rights secured by the Constitution. *Price v. Hawaii*, 939 F.2d 702, 707 (9th Cir. 1991).  Plaintiff argues that the reports published by various news organizations unfairly tarnished her criminal case and violated her Fourth, Fifth, Sixth, and Fourteenth Amendment rights. (*See generally* Compl.). But Plaintiff fails to name a state actor as a defendant in her Complaint and thus fails to state a claim under Section 1983.  Plaintiff now moves to amend her Complaint to add a Youtube user and journalists at the Las Vegas Review Journal and CNN. (*See generally* First Am. Compl., Ex. A to Mot. Amend).  As in her Complaint, none of the parties listed in the First Amended Complaint are state actors and thus are not liable under Section 1983.  Therefore, amending the Complaint to add the new parties listed would be futile.  Accordingly, the Court ADOPTS the R&R's dismissal of Plaintiff's federal claims, with prejudice, and DENIES the Motion to Amend.

**B.  Supplemental Jurisdiction Over Defamation and IIED Claims**

Judge Youchah's R&R also recommends dismissing Plaintiff's remaining state law claims for defamation and IIED, without prejudice, so Plaintiff can bring them in state court. (R&R 4:8–4:20).  A district court can decline to exercise supplemental jurisdiction over a claim

if it has dismissed all federal claims over which it has original jurisdiction. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 n. 3 (9th Cir. 1997) (en banc). The Court agrees that it should decline to exercise supplemental jurisdiction over the remaining state claims. When all federal law claims are eliminated, the balance of factors points toward declining to exercise supplemental jurisdiction over the remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988).

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the R&R, (ECF Nos. 11–12), is **ACCEPTED AND ADOPTED IN FULL**. The Court dismisses Plaintiff's federal claims with prejudice and dismisses her state law claims without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Cadesha Bishop's Motion to Amend, (ECF No. 8), and Plaintiff's Objection, (ECF No. 13), are **DENIED**.

The Clerk of Court is kindly requested to close this case.

**DATED** this __29__ day of July, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT